UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CENTRAL DIVISION

| | |
|---|---|
| BMG MUSIC, a New York general partnership; MAVERICK RECORDING COMPANY, a California joint venture; CAPITOL RECORDS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; UMG RECORDINGS, INC., a Delaware corporation; and ARISTA RECORDS LLC, a Delaware limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> JOHN DOE, <br><br> Defendant. | ) CIVIL ACTION No.: <br> ) <br> ) <br> ) **05-40055 FDS** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY**

Plaintiffs, through their undersigned counsel, pursuant to Federal Rules of Civil Procedure 26 and 45, the Declaration of Jonathan Whitehead, and the authorities cited in the supporting memorandum of law, hereby move this Court for an Order permitting Plaintiffs to take immediate discovery.

In support thereof, Plaintiffs represent as follows:

1. Plaintiffs record companies filed this action for copyright infringement against the Doe Defendant. In order to obtain the identity of the Doe Defendant, Plaintiffs

require immediate discovery on a third party Internet Service Provider ("ISP") before the identifying information is destroyed in the ordinary course of business by the ISP.

2. As alleged in the complaint, the Doe Defendant, without authorization, used an online media distribution system to download Plaintiffs' copyrighted works, distribute copyrighted works to the public, and/or make copyrighted works available for distribution to others. Although Plaintiffs do not know the true name of the Doe Defendant, Plaintiffs have identified the Defendant by a unique Internet Protocol ("IP") address assigned to him or her on the date and at the time of the Defendant's infringing activity.

3. Plaintiffs intend to serve a Rule 45 subpoena on the ISP seeking the Defendant's true name, address, telephone number, e-mail address, and Media Access Control ("MAC") addresses. Without this information, Plaintiffs cannot identify the Doe Defendant or pursue their lawsuit to protect their copyrighted works from repeated infringement.

4. Good cause exists to allow Plaintiffs to conduct this limited discovery in advance of a Rule 26(f) conference where there is no known defendant with whom to confer.

WHEREFORE, Plaintiffs move this Court to issue an Order permitting Plaintiffs to conduct the foregoing requested discovery immediately.

Respectfully submitted,

DATED: 3/24/05

By: _____
Colin J. Zick (BBO No. 556538)
Gabriel M. Helmer (BBO No. 652640)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600
Phone: (617) 832-1000
Fax: (617) 832-7000

ATTORNEYS FOR PLAINTIFFS

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CENTRAL DIVISION

| | |
|---|---|
| BMG MUSIC, a New York general partnership; MAVERICK RECORDING COMPANY, a California joint venture; CAPITOL RECORDS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; UMG RECORDINGS, INC., a Delaware corporation; and ARISTA RECORDS LLC, a Delaware limited liability company,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>JOHN DOE,<br><br>　　　　　Defendant. | CIVIL ACTION No.:<br><br>**05-40055 FDS** |

### ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

Upon the Motion of Plaintiffs for Leave to Take Immediate Discovery and the supporting Memorandum of Law, and the declaration of Jonathan Whitehead and the exhibit thereto, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on Assumption College to obtain the identity of the Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify him or her, including the name, address, telephone number, e-mail address, and Media Access Control addresses for the Defendant.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated:_____        _____
                                    United States District Judge